UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. DEANNA WALKER, individually and as ADMINISTRATOR OF THE ESTATE OF WILLIAM MILES REYNOLDS,<br><br>    Plaintiff,<br><br>v.<br><br>2. AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 15-cv-450-CVE-FHM<br><br>Removal Filed: August 14, 2015 |

### NOTICE OF REMOVAL BY
### AMERICAN GENERAL LIFE INSURANCE COMPANY

Defendant American General Life Insurance Company ("American General"), pursuant to 28 U.S.C. §§1332, 1441 and 1446, files this notice of the removal of this action to the United States District Court for the Northern District of Oklahoma ("USDC Northern District").

As grounds for this removal, American General states as follows:

### REMOVAL IS TIMELY

1. On or about July 8, 2015, Plaintiff Deanna Walker, individually and as Administrator of the Estate of William Miles Reynolds, commenced this action by filing a civil action against defendant American General in the District Court of Tulsa County, styled Case No. CJ-2015-02547; *Deanna Walker, individually and as Administrator of the Estate of William Miles Reynolds v. American General Life Insurance Company* (the "State Court Action").

2. American General was served the Petition via service on counsel pursuant to agreement on July 23, 2015. Accordingly, this Notice of Removal is filed within thirty days of the receipt of Plaintiff's Petition and timely filed under 28 U.S.C. §1446(b). The Notice of Removal is also filed within one year of the commandment of the action, and is thus timely pursuant to 28 U.S.C. §1446(b).

3. Pursuant to L.Cv.R. 81.2, a copy of all documents filed and served in the State Court Action is attached hereto as Exhibit A and a copy of the Tulsa County docket sheet is attached hereto as Exhibit B.

## THIS COURT HAS DIVERSITY JURISDICTION OVER THIS MATTER

4. The present action is properly removable under 28 U.S.C. §1441, which provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending. . . .

5. This Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – (1) citizens of different States….

6. Venue lies in the USDC Northern District pursuant to 28 U.S.C. §§ 1441 and 1446 because Plaintiff filed the State Court Action in the judicial district and division. The USDC Northern District is the district embracing the location where this State Court Action is currently pending.

7. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, as Plaintiff seeks the sum of the commuted value of the annuity contract and damages for the alleged tort of bad faith for an amount in excess of $75,000. *See* Petition, p.7.

**CITIZENSHIP OF THE PARTIES**

8. As set forth in the Petition, Plaintiff is a citizen and resident of the State of Florida within the meaning and intent of 28 U.S.C. §1332. *See* Petition ¶1. Additionally, Exhibit C attached hereto is an Accurint Report for Deanna Walker. Exhibit C demonstrates that Plaintiff is domiciled in and is a citizen of the State of Florida with the intent to remain or which she intends to return. *See Johnston v. Cordell Nat. Bank*, 421 F.2d 1310 (10th Cir. 1970) (holding that the two elements essential to establish domicile or citizenship, for diversity purposes, are intent and acts to carry such intention into effect.)

9. In contrast, American General Life Insurance Company is a Texas Corporation with its principal place of business in Houston, Texas. Exhibit D attached hereto is American General's Texas Department of Insurance Company Profile; *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010) (holding that a corporation's "principal place of business" is "where a corporation's high level officers direct, control, and coordinate the corporation's activities," which "will typically be a . . . corporation's headquarters."). American General is the only defendant in the State Court Action.

10. American General is not incorporated in Oklahoma and does not maintain its principal place of business in Oklahoma. The majority of American General's executive functions, production activities and operations occur in Houston, Texas. Houston, Texas is American General's "nerve center." *Hertz Corp.* 559 U.S. 77 at 92-93. Therefore, American General is a citizen of Texas for diversity jurisdiction purposes. 28 U.S.C. § 1332(c)(l); *see also Briggs v. American Flyers Airline Corp*, 262 F.Supp. 16 (N.D. Okla. 1966); *Hertz Corp.*, *supra*, 559 U.S. 77 at 92-93.

11. As such, Plaintiff, on the one hand, and defendant American General, on the other hand, are citizens of different states, and complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. §1332.

## ADOPTION AND RESERVATION OF DEFENSES

12. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of American General's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; (8) any other pertinent defense available under Oklahoma or Federal Rule of Civil Procedure Rule 12, any state or federal statute, or otherwise; or (9) arbitration.

13. American General reserves the right to supplement this notice by adding any jurisdictional defenses which may independently support a basis for removal.

14. This Notice, together with the additional documents required under the local rules, will be served on Plaintiff. Also, as required by 28 U.S.C. §1446 (d), a copy of this Notice will also be filed with the Clerk of the District Court of Tulsa County, the court in which the state court action is filed.

WHEREFORE, Defendant American General asks the Court to take jurisdiction of this action by issuing all necessary orders and process to remove this action from the District Court of Tulsa County, to this Court.

Dated: August 14, 2015　　　　　　　　Respectfully submitted,

By: *Blaire B. Johnson*
Blaire B. Johnson\*
Tom F.A. Hetherington\*\*
David T. McDowell\*\*
Padon D. Holt\*\*

EDISON, MCDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Phone: 713-337-5580
Facsimile: 713-337-8850
Email:   blaire.johnson@emhllp.com
            tom.hetherington@emhllp.com
            david.mcdowell@emhllp.com
            padon.holt@emhllp.com

*Admitted to the Northern District of Oklahoma
**Applying for Admission Pro Hac Vice

**Attorneys for Defendant
AMERICAN GENERAL LIFE
INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Whitney M. Eschenheimer
JOHNSON & JONES, P.C.
Two Warren Place
6120 S. Yale Avenue, Suite 500
Tulsa, Oklahoma 74136
Telephone: (918) 584-6644
Facsimile: (888) 789-0940
**Attorney for Plaintiff
DEANNA WALKER**

*Blaire B. Johnson* (signature)

Blaire B. Johnson