# EXHIBIT A



IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT**
**F I L E D**

JUL - 8 2015

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| DEANNA WALKER, individually and as ADMINISTRATOR OF THE ESTATE OF WILLIAM MILES REYNOLDS, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) Case No. |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | )<br>) |

CJ-2015-02547

**DANA LYNN KUEHN**
Attorney Lien Claimed

## PETITION

COMES NOW the Plaintiff, Deanna Walker, individually and as Administrator of the Estate of William Miles Reynolds through undersigned counsel, and for her causes of action against the above named Defendant, American General Life Insurance Company alleges and states as follows:

### JURISDICTION AND VENUE

1. Plaintiff Deanna Walker is a resident of the State of Florida.

2. William Miles Reynolds, deceased, was a resident of Tulsa County, Oklahoma and passed away on October 20, 2014.

3. Deanna Walker is the natural daughter of William Miles Reynolds and the Administrator of the Estate of William Miles Reynolds who was duly appointed by a Court Order filed on December 1, 2014 in Tulsa County, Probate Case No. PB-14-875.

4. On May 27, 1993, William Miles Reynolds purchased an annuity contract No. A10898945F from American General Life Insurance Company ("AG").

5. After Mr. Reynold's death AG has represented to Plaintiff that a Supplementary Contract was issued to William Miles Reynolds by AG on or about May 13, 2014, bearing the number FSC0002735.

6. AG has provided no proof of the terms or beneficiaries of contract no. FSC0002735.

7. Plaintiff has asked AG to provide a copy of the purported contract no. FSC000273, but to date AG has refused Plaintiff's request.

8. The designated beneficiary on the original contract, no. A1089845F was Deanna L. Reynolds and James W. Reynolds.

9. On information and belief, pursuant to the original annuity contract terms, the first quarterly installment payment of $504.73 was due to William Miles Reynolds on May 16, 2014.

10. At the time of his death the original contract, as supplemented by contract no. FSC0002735, had matured and Mr. Reynolds had begun receiving quarterly payments of $504.73.

11. Once Mr. Reynolds passed away, Plaintiff made a claim for the annuity benefits triggered by the annuitant's death on November 10, 2014.

12. AG advised Plaintiff there had been a supplementary annuity contract no. FSC0002735 issued to Mr. Reynolds and that the primary beneficiary was designated as the "Estate of William Miles Reynolds."

13. AG advised Plaintiff that pursuant quarterly payments would have to be made over an extended period of years requiring the probate Estate to remain open for a term of years that is excessive, impractical, and wholly unreasonable.

14. On November 12, 2014, the claim was acknowledged by AG and referenced policy no. FSC0002735 and stated in writing:

> According to the payment terms of the above referenced annuity contract, payments should continue to the ESTATE OF WILLIAM REYNOLDS, the beneficiary. Upon receipt of the requirements noted on the attached list, we will begin processing the claim. Please note that all Income Payments have been temporarily suspended, pending receipt of those documents.

15. On November 12, 2014, the attached letter from AG also requested a copy of the death certificate, claimant statement, Executor Affidavit, letter of administrator or letter of testamentary.

16. On December 10, 2014 Plaintiff sent AG a letter with enclosures of the death certificate, executor affidavit, letters of administration, Order appointing Personal Representative, estate EIN number. Plaintiff also sent AG one check payable to William Miles Reynolds for $504.73 issued on June 10, 2014 and also another check payable for $504.73 to Mr. Reynolds issued on August 7, 2014.

17. On December 19, 2014, AG requested another copy of the death certificate stating the "cause of death" of Mr. Reynolds was needed.

18. On December 19, 2014, Plaintiff sent the death certificate stating cause of death to AG.

19. On January 25, 2015, Plaintiff sent a death certificate stating the cause of death of Mr. Reynolds.

20. On January 25, 2015, Plaintiff also included a check to be reissued that had been made payable to her father after his death dated November 7, 2014.

21. On March 3, 2015, AG requested a Blank Deposit agreement form and a requested a voided check referencing contract no. FSC0002735.

3

22. No copy of contract no. FSC0002735 has ever been provided by AG to Plaintiff.

23. On June 5, 2015, for some unknown reason, AG issued a different Supplementary Contract no. FSC0003202A that provided the following:

> In the event of the death of the payee before the total number of installments stated above have been paid, payments will be made to the individual designated above as First Contingent Payee until the total number of installments have been paid. In the event of the death of the First Contingent Payee before the total number of installments stated above have been paid, remaining payments due will be made to the individual designated as the Second Contingent Payee.
>
> If the Payee and all Contingent Payees named above die before the total number of guaranteed installments stated above have been paid, installment payments under this Contract shall cease. The remaining unpaid installments shall be commuted at the Commuted Value Interest Rate, compounded annually. The resulting amount will be paid in one sum to the Executors or Administrators of the estate of the last surviving Payee or Contingent Payee.
>
> In accordance with the terms of the original policy, payment of proceeds outlined here and cannot be assigned, commuted, or paid in any manner other than as provided in this contract. This contract is issued pursuant to and embodies the provisions of the agreement entered into by the company and the owner of the policy described above. Payment(s) made pursuant to this agreement represent the net proceeds of such policy now surrendered to the company.

24. The terms of this Supplementary Contract purportedly replaced contract A10898945F and provided that if no one remains living that is a designated or contingent beneficiary, the payment shall be paid in a lump-sum and commuted at the Commuted Value Interest Rate, compounded annually to the pertinent estate.

25. The Supplementary Contract makes no reference to Contract no. FSC0002735, and to date AG has provided no information relating to such contract.

**BREACH OF CONTRACT**

26. The allegations in paragraphs 1-25 are incorporated herein by reference.

27. AG issued a contract to William Miles Reynolds.

4

28. AG has breached the annuity contract.

29. Plaintiff and the Estate have sustained damages as a result of the contract breach.

30. At no time has AG properly and in writing advised Plaintiff of the contractual process for making a lump sum commuted payment election.

31. At no time was a lump sum payment clearly offered by AG to Plaintiff with a stated value on behalf of the Estate or jointly to her and her brother, as the heirs.

32. AG has misrepresented the original contract terms and AG has refused and been unable to produce proof of the initial Supplementary Policy no. FSC0002735.

33. Because the designated beneficiary is an "estate" according to AG, the lump sum commuted payment option was contractually triggered.

## BAD FAITH

34. The allegations in paragraphs 1-33 are incorporated herein by reference.

35. AG has unreasonably and in bad faith withheld information from Plaintiff and held open the Estate of William Miles Reynolds.

36. AG has unreasonably in bad faith withheld payment and the annuity corpus in the commuted value amount from the Estate of William Miles Reynolds.

37. Plaintiff Walker acting as the Administrator of the Estate of William Miles Reynolds is entitled to judgment in her favor for the value of the commuted payment value of the annuity.

38. Plaintiff as the Administrator of the Estate of William Miles Reynolds has contacted AG on numerous occasions by telephone and in writing.

39. Plaintiff has complied with all requests for information and policy provisions regarding requested information.

40. AG had misled Plaintiff with regard to the contractual provisions and how the annuity contract provided for payment. AG has intentionally withheld this information from Plaintiff for six months.

41. AG unreasonably delayed reissuance of payment of the amounts originally paid to Mr. Reynolds before his death.

42. AG has required Plaintiff to agree to an annuitized payout without proper disclosure of the contract terms.

43. AG has refused to produce proof of any Supplementary Policy no. FSC002735.

44. AG has acted in bad faith by:

   a. failing to investigate the claim,
   b. failing to properly reissue payments that were past due,
   c. failing to respond timely to inquiries and requests for information,
   d. knowingly misrepresenting the terms of the policy,
   e. knowingly misrepresenting the payment options,
   f. knowingly misrepresenting the claim and payment status,
   g. unreasonably requiring documentation to create delays in payment, and
   h. failing to respond to requests timely made for copies of the pertinent contract.

45. Plaintiff has asked for an explanation in writing and nothing of substance has been provided by AG in response.

## PUNITIVE DAMAGES

46. The allegations in paragraphs 1-45 are incorporated herein by reference.

47. AG has acted willfully, wantonly and in reckless disregard of its contractual obligations to Plaintiff and the heirs of the Estate of William Miles Reynolds.

48. Plaintiff is entitled to punitive damages against AG as a result of AG's willful and wanton conduct and reckless disregard for her rights and the heirs to the Estate of William Miles Reynolds.

WHEREFORE, premises considered, Plaintiff Deanna Walker, individually and as Administrator of the Estate of William Miles Reynolds, hereby demands judgment in her favor for the sum of the commuted value of the annuity contract, with damages for the tort of bad faith for an amount in excess of $75,000, together with pre-judgment interest, post-judgment interest, court costs, and attorneys' fees and any further relief the Court deems just and equitable.

Respectfully submitted,

*/s/ Whitney M. Eschenheimer*
Whitney M. Eschenheimer, OBA No. 17025
**JOHNSON & JONES, P.C.**
Two Warren Place
6120 S. Yale Avenue, Suite 500
Tulsa, Oklahoma 74136
Telephone: (918) 584-6644
Fax: (888) 789-0940
**ATTORNEYS FOR PLAINTIFF**

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DEANNA WALKER, individual and )
ADMINISTRATOR OF THE ESTATE OF )
WILLIAMS MILES REYNOLDS, )
　)
    Plaintiff, )
　)
vs. )  Case No.: CJ-2015-02547
　)
　)
AMERICAN GENERAL LIFE INSURANCE )
COMPANY, )
　)
    Defendant. )

**PLAINTIFF'S FIRST DISCOVERY REQUESTS TO DEFENDANT**

COMES NOW, Plaintiff, Deanna Walker, by and through her attorneys of record, Johnson & Jones P.C., and for her First Interrogatories, First Request for Production of Documents and Things and First Request for Admissions, states and avers as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1**:  Identify each person who handled or assisted in handling any portion of the claim for William Miles Reynolds, his estate, or any of his heirs at law, and for each person state:

  a.  The date or range of dates they were involved in the claim;

  b.  Their supervisor at the time the person was handling or assisting in handling the claim;

  c.  The persons most knowledgeable about the storage and retrieval of electronic information entered by each such person who was involved in the claim.

**INTERROGATORY NO. 2**:  Identify any information known by you about Deanna Walker's claim or the claim on the annuity policy of William Miles Reynolds that is not

1

contained in the claim file materials previously produced by counsel for Defendant on July 28, 2015 and August 2, 2015. To the extent you claim the material is privileged, please produce a privilege with the date of the communication, the general description and the legal authority and privilege relied upon.

**INTERROGATORY NO. 3**: For each person you may call to testify at trial, including each expert you have consulted, retained, or specially employed in anticipation of this litigation or preparation for a trial in this matter, whether expected to be called as a witness at trial or not, state the name, home and business address, home and business phone number and substance of the anticipated testimony or opinion of each such witness.

**INTERROGATORY NO.4**: Identify any audio recordings, video recordings, transcripts, or notes of any conversations between the Plaintiff or her representatives and Defendant, or any affiliate of the Defendant, including AIG or Western National Insurance Company, by providing the date, description of contents of the recordings, transcripts, or notes.

**INTERROGATORY NO. 5**: Identify any and all third parties contacted by Defendant to assist in the review, evaluation, investigation, acceptance or denial of Deanna Walker's claim.

**INTERROGATORY NO. 6**: Identify each of AG's employees and representatives that had any oral or written communications with any third parties about the claim on the annuity policy of William Miles Reynolds.

**INTERROGATORY NO. 7**: Identify the person most knowledgeable about your storage and retrieval of electronic information pertaining to any information concerning William Miles Reynolds' annuity policy or supplemental policies and the related claims and files.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce a complete color 2-sided copy of the entire claim file in print or native file format pertaining to in any way to the Plaintiff's claim, including but not limited to the following:

- a. All written, oral, and electronic communication of any employee or agent of Defendant relating to the processing of Deanna Walker's claim;

- b. All written, oral and electronic communication between Defendant and any third party concerning the processing, acceptance or denial of Deanna Walker's claim;

- c. All written, oral, and electronic communication between Plaintiff and Defendant, including, but not limited to, any written proof of loss forms, audio recordings, transcripts of audio recordings, and notes of any such information;

- d. All investigative and/or medical report(s) or documents concerning Plaintiff and her father William Miles Reynolds regarding the policies, the claims and all correspondence between Defendant and any third party concerning the report(s) or documents;

- e. All interoffice memorandum, email or other communication in whatever form, in print and native file format, between any employee(s) or agent(s) of Defendant concerning William Miles Reynolds and the claim on his policy;

- f. All photographs, video or audio recordings, or investigative reports received, generated or maintained by you concerning Deanna Walker and/or William Miles Reynolds, the claim, the processing, denial, or investigation of the claim, the death of Mr. Reynolds;

- g. All other documents in the possession of Defendant pertaining to the processing of Deanna Walker's claim; and

- h. All file folders, file jackets and adjacent or related exhibits folders in which any documents or other items described above are filed or maintained.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents, reports, notes, correspondence, memoranda, letters, summaries, treatises or reference material

- (a) relied upon by;
- (b) generated by; and

3

c)   provided to any expert witness you have consulted, retained or specially employed in anticipation of this litigation, whether expected to be called as a witness or not.

**REQUEST FOR PRODUCTON NO. 3**: Produce all recordings, transcripts, or notes of any conversations between Plaintiff and Defendant or any affiliate or vendor of Defendant. This request includes digital media recordings of phone calls recorded for quality assurance purposes.

**REQUEST FOR PRODUCTION NO. 4**: Produce all documents that reflect reserves established to pay Deanna Walker's claim.

**REQUEST FOR PRODUCTION NO. 5**: Produce all photographs, video, or audio recordings generated, received or maintained by you relating to Plaintiff, the claim for the estate, the processing, denial or investigation of the claims.

**REQUEST FOR PRODUCTION NO. 6**: Produce the complete underwriting file(s) pertaining to the any policy written with an annuitant named William Miles Reynolds at any time.

**REQUEST FOR PRODUCTION NO. 7**: Produce the entire claims procedure manuals, policy manuals, policy statements or other documents that set forth your company practices or policies regarding handling of claims such as the ones involved in this action in force and effect during the period November 1, 2010 to present including any changes or alterations to those manuals, statements, or documents.

**REQUEST FOR PRODUCTION NO. 8**: Produce each document that reflects the procedure(s) your employees were to follow concerning claims for payment on death benefit in force and effect during the period October 1, 2010 to present.

**REQUEST FOR PRODUCTION NO. 9**: Produce the entire claims procedure manuals, policy manuals, policy statements or other documents that set forth your company practices or policies regarding handling of claims in force and effect during the period October 1, 2010 to present, including any changes or alterations to those manuals, statements, or documents.

**REQUEST FOR PRODUCTION NO. 10**: Produce all manuals, handbooks, or other instructional materials or statements of policy relating to the interpretation of automobile insurance contract/policy provisions for the type insurance contract involved in this action.

**REQUEST FOR PRODUCTION NO. 11**: Produce all manuals, educational materials (including audio and/or video online webinar materials) and written instructions used for the training of Defendant's claims personnel and other personnel that were involved in processing Deanna Walker's claim on behalf of the Estate of William Miles Reynolds.

**REQUEST FOR PRODUCTION NO. 12**: Produce all promotional and sales materials, relating to the type of policy of insurance issued to William Miles Reynolds that were available for use between May 27, 1993 and the present.

**REQUEST FOR PRODUCTION NO. 13**: Produce a copy of any books, pamphlets, worksheets, or guidelines, electronic or otherwise, used by Defendant to make decisions on the claim asserted by Deanna Walker.

**REQUEST FOR PRODUCTION NO. 14**: Produce all documents pertaining in any way to any meeting of a policy forms committee, board of directors, policy committee, claims committee, agents committee, or similar group concerning the value, handling or consideration of Deanna Walker's claim.

**REQUEST FOR PRODUCTION NO. 15**: Produce all documents provided to each expert witness, whether they will testify or not, and all other additional material each expert has

reviewed or may rely upon in forming their opinions, a copy of each such witness' most recent curriculum vitae, and all depositions of testimony given by such expert wherein the expert was retained by you.

**REQUEST FOR PRODUCTION NO. 16**: Produce the annual statements filed by Defendant with the Oklahoma Insurance Commissioner for the years 2010 to the present.

**REQUEST FOR PRODUCTION NO. 17**: Produce certified copies of William Miles Reynolds policies and contracts with Defendant in effect from May 27, 1999 to October 20, 2014 and all other insurance policies mentioning his name or estate, including any and all endorsements or amendments thereto, all schedules, certificates of delivery, applications completed by William Miles Reynolds in the insurance process.

**REQUEST FOR PRODUCTION NO. 18**: Produce all documents with reference to, or written policies, procedures and guidelines related to, Defendant's computers, computer system, electronic data and electronic media including, but not limited to, the following:

    a.    Backup tape rotation schedules;

    b.    Electronic data retention, preservation and destruction schedules;

    c.    Employee use policies of company computers, data and other technology;

    d.    File naming conventions and standards;

    e.    Password, encryption, and other security protocols;

    f.    Diskette, CD, DVD, and other removable media labeling standards;

    g.    Email storage conventions (e.g., limitations on mailbox sizes/storage locations; schedule and logs for storage);

    h.    Electronic media deployments, allocation, and maintenance procedure for new employees, current employees, or departed employees;

    I.    Software and hardware upgrades (including patches) for January 1, 2014 to present (who and what organization conducted such upgrades); and

    j.  Personnel or home computer usage for work-related activities.

**REQUEST FOR PRODUCTION NO. 19**: Produce the Organizational chart in force and effect from October 1, 2014 to the present for Defendant and its corporate structure, including but not limited to the Claims Department, Underwriting Department, Information Technology or Information Services departments or divisions.

**REQUEST FOR PRODUCTION NO. 20**: Produce backup tapes containing email and other electronic data related in any way to William Miles Reynolds or the related claim for benefits under the annuity contract(s).

**REQUEST FOR PRODUCTION NO. 21**: Produce exact copies (i.e. bit-by-bit copies) of all hard drives on desktop computers, laptop computers, notebook computers, personal digital assistant computers, servers, and other electronic media related in any way to the William Miles Reynolds or the related claim.

**REQUEST FOR PRODUCTION NO. 22**: Produce exact copies of all relevant disks, CDs, DVDs and other removable media related in any way to the Williams Miles Reynolds or his policies and contract with Defendant.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**: Admit the Plaintiff was never given a payment option form or letter stating the coverages and the lump sum value of the annuity policy prior to filing this lawsuit.

**REQUEST NO. 2**: Admit that an insurance annuity policy was in full force and in effect on October 20, 2014 insuring Williams Mile Reynolds.

**REQUEST NO. 3**: Admit that the contract with Defendant purchased by William Miles Reynolds required proof of death and an insured's statement.

7

**REQUEST NO. 4**:   Admit Defendant has no completed application executed by William Miles Reynolds other than the one completed and signed by him on May 27, 1993.

**REQUEST NO. 5**:   Admit Plaintiff Deanna Walker has provided every form and complied with every request of Defendant in the claims process with Defendant.

**REQUEST NO. 6**:   Admit that Defendant has a duty of good faith and fair dealing under Oklahoma law.

        Respectfully submitted,

        _/s/ Whitney M. Eschenheimer_
        Whitney M. Eschenheimer, OBA No. 17025
        **JOHNSON & JONES, P.C.**
        Two Warren Place
        6120 S. Yale Avenue, Suite 500
        Tulsa, Oklahoma 74136
        Telephone: (918) 584-6644
        Fax: (888) 789-0940
        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on August __6th__, 2015, the undersigned caused a true and correct copy of the above and foregoing to be served by:

_____ First-class mail, postage pre-paid;

___X___ Certified mail, return receipt requested;

_____ Hand-delivery;

_____ Facsimile;

___X___ E-mail.

Upon all Counsel or Parties of Record:

David T. McDowell
Edison, McDowell & Hetherington LLP
Phoenix Tower
3200 Southwest Freeway
Suite 2100
Houston, Texas 77027
P: 713-337-5582
F: 713-337-8842
david.mcdowell@emhllp.com

_____