# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEANNA WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-CV-0450-CVE-FHM |
| ) | |
| AMERICAN GENERAL LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

Now before this Court is Plaintiff's Motion to File Demand for Jury Trial Out of Time (Dkt. # 19). Plaintiff asks the Court to exercise its discretion under Fed. R. Civ. P. 39(b) to order a jury trial, even though plaintiff failed to demand a jury trial as required by Fed. R. Civ. P. 38. Id. at 1. Defendant opposes and objects to plaintiff's motion. Id. However, defendant did not file a response to plaintiff's motion and the time to do so has expired.

A party waives its right to a jury trial unless it makes a jury demand no later than 14 days after the last pleading creating a jury-triable issue is served. FED. R. CIV. P. 38(b)(1); (d); Christenson v. Diversified Builders Inc., 331 F.2d 992, 994 (10th Cir. 1964); see also 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2321 ("[I]t is well settled by a considerable array of cases that waiver by failure to make a timely demand is complete even though it was inadvertent and unintended and regardless of the explanation or excuse.").

Defendant removed this case from state court to this Court on August 14, 2015. Dkt. # 2. Under the local rules, "[u]nless a written jury demand has been filed of record in state court, trial by jury is waived in any case removed from a state court unless a demand for jury trial is filed and

served within the time period provided under Fed. R. Civ. P. 38 and 81." LCvR 81.1. Plaintiff did not make a demand for jury trial in state court. Dkt. # 19, at 1. Defendant filed its answer to plaintiff's complaint on August 21, 2015. Dkt. # 11. The final day to timely make a demand for jury trial was September 4, 2015. Plaintiff did not make a demand for jury trial within this time frame, and thus waived her right to a jury trial. See FED. R. CIV. P. 38(d).

However, plaintiff asks the Court to invoke its discretionary authority pursuant to Fed. R. Civ. P. 39(b), which states:

> Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

The Tenth Circuit has held that a "jury trial should be granted in the absence of 'strong and compelling reasons to the contrary.'" Green Const. Co. v. Kan. Power & Light Co., 1 F.3d 1005, 1011 (10th Cir. 1993) (quoting AMF Turboscope, Inc. v. Cunningham, 352 F.2d 150, 155 (10th Cir. 1965)).

No compelling reason exists to deny plaintiff's request. This suit remains in its early stages and the Court has yet to enter a scheduling order. Defendant would suffer no prejudice from the Court granting this motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to File Demand for Jury Trial Out of Time (Dkt. # 19) is **granted**.

**DATED** this 13th day of October, 2015.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE